FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
NOV 30 2021
MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) CRIMINAL NO. 17-1032 RB<br>) |
| vs. | )<br>) |
| **ROSA M. DE SANTIAGO,** | )<br>) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **ROSA M. DE SANTIAGO**, and the defendant's counsel, STEPHEN E. HOSFORD:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to Counts 1, 2, 36, 37, 38, 39, and 40 of the Superseding Indictment charging the following violations: **Count 1:** 21 U.S.C. § 846: Conspiracy to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine and 1 Kilogram and More of a Mixture and Substance Containing a Detectable Amount Heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); **Count 2:** 18 U.S.C. § 1956(h): International Money Laundering Conspiracy; **Count 36:** 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with the Intent to Distribute 50 Grams and More of Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting; **Counts 37, 38, and 40:** 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with Intent to Distribute 1 Kilogram and More of a Mixture and Substance Containing a Detectable Amount of Heroin; 18 U.S.C. § 2: Aiding and Abetting; and **Count 39:** 18 U.S.C. § 1956(a)(2)(A): International Money Laundering; 18 U.S.C. § 2: Aiding and Abetting.

## ELEMENTS OF THE OFFENSE

4. The defendant understands that by signing this plea agreement, the defendant is acknowledging that the defendant understands the elements of each offense charged, and agrees that the government could prove each of the elements beyond a reasonable doubt at trial.

5. The elements of 21 U.S.C. § 846: Conspiracy to Distribute 500 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, as charged in Count 1, are:

    a. two or more persons agreed to violate the federal drug laws;

    b. the defendant knew the essential objective of the conspiracy;

    c. the defendant knowingly and voluntarily involved herself in the conspiracy;

    d. there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and

e. the overall scope of the conspiracy involved at least 500 grams and more of a mixture and substance containing methamphetamine.

6. The elements of 21 U.S.C. § 846: Conspiracy to Distribute 1 Kilogram and More of a Mixture and Substance Containing a Detectable Amount Heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), as charged in Count 1, are:

  a. two or more persons agreed to violate the federal drug laws;

  b. the defendant knew the essential objective of the conspiracy;

  c. the defendant knowingly and voluntarily involved herself in the conspiracy;

  d. there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and

  e. the overall scope of the conspiracy involved at least 1 kilogram of a mixture and substance containing a detectable amount of heroin.

7. The elements of 18 U.S.C. § 1956(h), International Money Laundering Conspiracy, as charged in Count 2, are:

  a. two or more persons agreed to violate the federal money laundering laws;

  b. the defendant knew the essential objective of the conspiracy;

  a. the defendant knowingly and voluntarily involved himself in the conspiracy; and

  c. there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

8. The elements of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Possession with the Intent to Distribute 50 Grams and More of Methamphetamine, as charged in Count 36, are:

  a. the defendant knowingly or intentionally possessed a controlled substance as charged;

  b. the substance was in fact methamphetamine;

c. the defendant possessed the substance with the intent to distribute it; and

d. the amount of the controlled substance possessed by the defendant was at least 50 grams of methamphetamine.

9. The elements of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), Possession with Intent to Distribute 1 Kilogram and More of a Mixture and Substance Containing a Detectable Amount of Heroin, as charged in Counts 37, 38, and 40, are:

a. the defendant knowingly or intentionally possessed a controlled substance as charged;

b. the substance was in fact heroin;

c. the defendant possessed the substance with the intent to distribute it; and

d. the amount of the controlled substance possessed by the defendant was at least 1 kilogram of a mixture and substance containing a detectable amount of heroin.

10. The elements of 18 U.S.C. § 1956(a)(2)(A), International Money Laundering, as charged in Count 39, are:

a. the defendant knowingly transported, transmitted or transferred a monetary instrument or money from a place in the United States to or through a place outside the United States, or attempted to do so; and

b. the defendant acted with the intent to promote the carrying on of distribution of a controlled substance.

## SENTENCING

11. The defendant understands that the minimum and maximum penalty the Court can impose as to each of Counts 1, 36, 37, 38, and 40 is:

a. imprisonment for a period of not less than ten (10) years nor more than life;

b. a fine not to exceed $10,000,000.00;

c. a mandatory term of supervised release of not less than five (5) years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and

4

the defendant could then be returned to another period of incarceration and a new term of supervised release); and

  d. a mandatory special penalty assessment of $100.00.

12. The defendant understands that the minimum and maximum penalty the Court can impose as to each of Counts 2 and 39 is:

  a. imprisonment for a period of not more than 20 years;

  b. a fine not to exceed $500,000.00;

  c. a mandatory term of supervised release of not more than three (3) years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

  d. a mandatory special penalty assessment of $100.00.

13. The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

14. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

15. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any

facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

DEFENDANT'S ADMISSION OF FACTS

16. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Superseding Indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **Between April 17, 2016, and April 28, 2017, I agreed and was working with other people to transport and distribute drugs in New Mexico and elsewhere. My role was to help arrange for couriers to transport drugs that were brought into the United States in the southern New Mexico and El Paso, Texas area, to other people in Albuquerque, as well as other locations further within the United States. Most of the time, I helped arrange and provide cars loaded with drugs to couriers who then transported the drugs all or part of the way to the destination. Also, I conspired to collect drug proceeds and transport them for delivery to Luis Angel Briseño-Lopez.**
>
> **Specifically, on November 22, 2016, I helped arrange for four couriers to transport methamphetamine and heroin from the El Paso area to Albuquerque, which I and another person provided in load vehicles. Agents**

**seized the drugs before they were delivered, and I later learned that the couriers were transporting 6.82 net kilograms of methamphetamine and 3.0 net kilograms of heroin. On January 19, 2017, I conspired with another person to transport heroin to a stash house in Albuquerque where it was unloaded, repackaged, and then I conspired with the other person to deliver the heroin to a third person. I later learned that the total amount of heroin delivered on January 19, 2017, was 1.28 net kilograms. On February 1, 2017, I conspired to transport drug proceeds from Albuquerque and with a man I was working with, and then he and his wife attempted to smuggle the drug proceeds into Mexico for delivery, where I knew it was destined. I later learned that the total amount of drug proceeds seized from the man and his wife was $28,360. On February 18, 2017, I conspired with another person to deliver a multi-pound heroin load from El Paso to a stash house in Albuquerque, where the heroin was repackaged for distribution and evidence of which was discovered by agents later that night during the execution of a search warrant. On April 20, 2017, I helped arrange for two couriers to transport heroin from the El Paso area to Albuquerque, which I and another person provided in load vehicles. Agents seized the drugs before they were delivered, and I later learned that the total amount of heroin seized was 6.87 net kilograms.**

17. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

STIPULATION

18. The United States and the defendant stipulate that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a specific sentence of 144 months of imprisonment is the appropriate sentence in this case. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

DEFENDANT'S OBLIGATIONS

19. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to

defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## WAIVER OF APPEAL RIGHTS

22. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any order of restitution entered by the Court. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. §

3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

23. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Superseding Indictment.

24. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

25. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

26. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

27. At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $700.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

28. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 24th day of November, 2021.

FRED J. FEDERICI
United States Attorney

*Selesia L. Winston*
SELESIA L. WINSTON
SARAH M. DAVENPORT
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
ROSA M. DE SANTIAGO
Defendant

I am the attorney for ROSA M. DE SANTIAGO. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
STEPHEN E. HOSFORD
Attorney for Defendant