IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                    No. 2:17-cr-1032 RB

ROSA DE SANTIAGO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Rosa De Santiago's Motion for Reduction of Sentence. (Doc. 922.) The Federal Public Defender reviewed De Santiago's motion and declined to file a motion on her behalf. (Doc. 924.) The United States contends De Santiago is ineligible for a reduction. (Doc. 925.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds De Santiago is ineligible for a sentence reduction. The Court will therefore **DISMISS** the motion.

**I.**      **Background**

On July 16, 2018, De Santiago pleaded guilty to one count of conspiracy to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine and 1 kilogram and more of a mixture and substance containing a detectable amount of heroin, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A); one count of international money laundering conspiracy, contrary to 18 U.S.C. § 1956(h); one count of possession with the intent to distribute 50 grams and more of methamphetamine and aiding and abetting, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; three counts of possession with intent to distribute 1 kilogram and more of a mixture and substance containing a detectable amount of heroin and aiding and abetting, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and one count of

1

international money laundering and aiding and abetting in violation of 18 U.S.C. §1956(a)(2)(A) and 18 U.S.C. § 2. (Docs. 499; 844.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 40. (Doc. 667 ¶ 38.) De Santiago's base offense level was 38, but she received a two-level increase under U.S.S.G. §2S1.1(b)(2)(B) because she was convicted under 18 U.S.C. § 1956; a three-level increase under U.S.S.G. § 3B1.1(b) for aggravating role; a two-level decrease under U.S.S.G. § 3E1.1(a) for acceptance of responsibility; and a one-level decrease under U.S.S.G. §3E1.1(b) for timely notifying authorities of her intent to plead guilty. (*Id.* ¶¶ 29–30, 32, 36–37.) Because she did not have any prior convictions, the USPO calculated a criminal history score of zero, resulting in a criminal history category of I and a guideline imprisonment range of 292–365. (*Id.* ¶ 43, 72.)

On November 30, 2021, the Court sentenced De Santiago to 144 months of imprisonment pursuant to a plea agreement. (Doc. 844; 846.) Her anticipated release date is October 8, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 30, 2024).

Since she was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

De Santiago, acting pro se, now asks the Court to reduce her sentence pursuant to Amendment 821. (Doc. 922.) The Federal Public Defender declined to file a motion on De Santiago's behalf, and the United States opposes the motion. (Docs. 924–25.)

**II.   Legal Standards**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that

authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet

specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

### III. Discussion

De Santiago is not eligible for a sentence reduction. First, she is not eligible for Part A relief because no status points were added to her criminal history score. (*See* Doc. 667 ¶ 42.) Second, although De Santiago is a "zero-point" offender under Part B, she does not meet all the necessary criteria for eligibility for a sentence reduction, which include:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."

U.S.S.G. § 4C1.1(a). Relevant here, De Santiago received a three-level increase under § 3B1.1 for her aggravating role. (*See* Doc. 667 ¶ 32.) As a result, De Santiago does not qualify for a sentence reduction pursuant to sub-paragraph 10. *See* U.S.S.G. § 4C1.1(a)(10).

The Court finds De Santiago is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over her motion.

**IT IS THEREFORE ORDERED** that De Santiago's Motion for Reduction of Sentence (Doc. 922) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE